IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERCY GARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  04-884 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# AMENDED ORDER OF COURT

## SYNOPSIS

The Commissioner of Social Security and the Plaintiff have filed cross motions for summary judgment on the issue of whether the Administrative Law Judge's decision denying benefits is supported by substantial evidence of the record. (Docket Nos. 9 & 12).  Specifically, Plaintiff contends that he has no record of substantial gainful activity ("SGA") due to his impairments, and consequently, no past relevant work experience that he could re-commence. (Docket No. 10, p. 4). Although he admits to the seriousness of his history of alcoholism, he maintains that it is immaterial to a finding of disability. (Docket No. 10, pp. 3-4). The Commissioner disagrees. After careful deliberation, and for the reasons set forth below, I find that

1

the ALJ's decision denying benefits is supported by substantial evidence. Plaintiff's Motion for summary judgment (Docket No. 9) is denied. The Commissioner's Motion for summary judgment (Docket No. 12) is granted, and the ALJ's decision is affirmed.

## OPINION

### I. BACKGROUND

Plaintiff, Percy Garnett, filed an application for Supplemental Security Income ("SSI") on October 16, 2002. (R. 39-41). Plaintiff claims eligibility for disability benefits as of January 31, 2001, alleging disability due to severe depression, arthritis, high blood pressure, liver problems, and a history of alcoholism. (R. 50). His application was denied initially, and then again by an Administrative Law Judge ("ALJ") following a hearing. (R. 24-27, 9-16). The Appeals Council denied review, and Plaintiff appealed to this Court. (R. 4-6).

### II. STANDARD OF REVIEW

The scope of review by this Court of an appeal from the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). Findings of fact by the Commissioner are considered conclusive if they are supported by "substantial evidence," a standard which has been described as requiring more than a "mere scintilla" of evidence, but equivalent to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson, 402 U.S. at 401. A single piece of evidence will not satisfy the substantiality test if the ALJ ignores or fails to resolve a conflict created by countervailing evidence. Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983).

This court does not undertake de novo review of the decision and does not re-weigh the evidence presented to the Commissioner. Monsour Medical Center v. Heckler, 806 F.2d 1190, 1195 (3d Cir. 1986), citing, 42 U.S.C. § 405. If the decision is supported by substantial evidence, I must affirm it, even if I would have decided the case differently. Bailey v. Apfel, CA 97-8908, 1998 U.S. Dist. Lexis 10595 at * 2 (E.D. Pa. July 9, 1998) (citations omitted).

In determining whether a claimant is eligible for SSI, the burden is on the claimant to show that he has a medically determinable physical or mental impairment (or combination of impairments) which is so severe that he is unable to pursue substantial gainful employment currently existing in the national economy. 42 U.S.C. § 423(d)(1)(A) and (d)(2)(A). In addition, the impairment must be expected to result in death or to have lasted or be expected to last for not less than twelve months. § 423(d)(1)(A); Morales v. Apfel, 225 F.23d 310, 315-16 (3d Cir. 2000).

To determine the claimant's rights to SSI benefits, the ALJ conducts the same five-step evaluation. If the claimant is working or doing substantial gainful activity, a finding of not disabled is directed and the analysis is completed. 20 C.F.R. § 404.1520(b), 416.920(b). In step two, the ALJ determines if the claimant suffers from a "severe impairment that significantly limits his or her ability to do basic work activity." Id., §§ 404.1520, 416.920. If so, and if that impairment meets or equals

criteria for a listed impairment or impairments in the Appendix of Subpart P of Part 404 of 20 C.F.R. and has lasted or is expected to last continually for at least twelve months, a finding of disability is directed at step three. Id., §§ 404.1520(d), 416.920(d). The ALJ then considers whether the claimant retains the residual functional capacity to perform past relevant work. Id., §§ 404.1520(e), 416.920(e). If not, the ALJ, taking into account the claimant's residual functional capacity, age, education, and past work experience, determines whether the claimant can perform other work that exists in the national economy. If the claimant can perform such other work, he is not disabled. Id., §§ 404.1520(f), 416.920(f). In all but the final step, the burden of proof is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993); 42 U.S.C. §§ 416(1), 423(d)(1)(A).

### III. ANALYSIS

In this case, the ALJ determined at the fourth step of the analysis that Plaintiff's record of work, although "temporary and sporadic" as alleged by Plaintiff (Docket No. 10, p. 4), did in fact fall within the definition of "relevant work" according to the Code of Federal Regulations. (R. 15-16). Moreover, the ALJ concluded that Plaintiff would be able to return to the work he performed in the past but for his alcoholism. Id. Therefore, Plaintiff could not be considered disabled within the meaning of the Social Security Act. Id.

Plaintiff first challenges the ALJ's finding as to his past relevant work experience, insisting that he had none. Next, he presupposes that this issue is disconnected from his alcoholism. (Docket No. 10, p. 4). Contrary to Plaintiff's

assertions, I find the ALJ's conclusion as to both issues is supported by substantial evidence.

Past relevant work includes that which "was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 416.965(a) (2004). Though Plaintiff contends that his employment history from 1997 through 2001 does not qualify as substantial gainful activity, there is evidence of record to the contrary. (R. 43-45). According to 20 C.F.R. § 416.974, earnings that exceeded $500 per month from January, 1990 through June, 1999 meet the earnings threshold for substantial gainful activity. Plaintiff satisfied the requirement in 1998 by earning $8970.60, an average of $747.51 per month. (R. 43-45). In fact, Plaintiff would have continued to engage in SGA through June, 1999; if his 1999 earnings were evenly proportioned throughout the year, he averaged $645.91 per month. Id.

Moreover, the testimony of the vocational expert, Fred Monaco, in conjunction with the nature and complexity of Plaintiff's jobs, as outlined in the Dictionary of Occupational Titles (DOT), is consistent with Plaintiff's own admission that he worked long enough to learn his job-related skills. Monaco testified that Plaintiff's work as a cook (DOT No. 313.374-014), a T-shirt engraver (silk-screen printer)(DOT No. 979.684-030), as well as his other assignments with the temporary agency "would all be in the area of unskilled light to medium exertional level." (R. 179-180). These jobs had specific vocational preparation (SVP) ratings of "3," indicating that the time required to learn the jobs ranges from "1 month up to and

including 3 months." <u>Dictionary of Occupational Titles</u>, 4th Ed (1991). Hence, the second criteria of "relevant work" was fulfilled as Plaintiff spent more than 1 month both as a cook and as a T-shirt engraver. (R. 85, 170). Finally, Plaintiff's employment occurred during the prior fifteen years. Therefore, there was substantial evidence of record of Plaintiff's past relevant work. 20 C.F.R. § 416.965(a) (2004).

Next at issue is Plaintiff's drug and alcohol abuse. On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996 which, in part, amended the SSA to preclude recovery of benefits by a person whose alcoholism or drug addiction contributes to his or her disabling condition. *See,* Pub. L. No. 104-121 §105(a)(1), §105(b)(1), 110 Stat. 847, 852-53 (1996) (codified as amended at 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J) (1998)); *see also, Torres v. Chater,* 125 F.3d 166, 169 (3d Cir. 1997). The amendment provides that "an individual shall not be considered to be disabled...if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the determination that the individual is disabled." 42 U.S.C. §1382c(a)(3)(J). The "key factor" that the ALJ should use in determining whether alcoholism or a drug addiction is a contributing factor material to the determination of disability is whether Plaintiff would still be found disabled if he stopped drinking alcohol or abusing drugs. 20 C.F.R. §416.935. In making this determination, the ALJ should evaluate which of Plaintiff's current physical and mental limitations, upon which the current disability determination is based, would remain if Plaintiff stopped using alcohol. <u>Id</u>. Then, the ALJ should determine whether any or all of Plaintiff's remaining limitations would be disabling. <u>Id</u>. If the

ALJ determines that Plaintiff's remaining limitations would not be disabling, then the ALJ should find that the alcoholism is a contributing factor material to the determination of disability. Id. If the ALJ determines that Plaintiff's remaining limitations are disabling, then Plaintiff is disabled independent of the alcoholism and the ALJ should find that the alcoholism is not a contributing factor material to the determination of disability. Id.

Here, the ALJ found that Plaintiff suffers from "polysubstance dependence and alcohol induced mood disorder," but that "with his abuse under control, the claimant could perform his past relevant work." (R. 16). The ALJ further found that "[a]lcoholism is material to the issue of the claimant's disability." (R. 16) After a review of the record, there is substantial evidence to support the ALJ's finding that but for his drug and alcohol abuse, Plaintiff could perform his past relevant work.

(R. 88-90, 104, 107-109, 125, 127, 133, 158, 164, 166).

For example, Dr. Moran, a clinical neuropsychologist, diagnosed Plaintiff with continuous alcoholism, alcohol-induced mood disorder with depression, cocaine addiction, personality disorder, NOS, but with antisocial, dependent, and avoidant personality features. (R. 89). Dr. Moran concluded, however, as follows: "As long as Mr. Garnett is using alcohol, the prognosis with respect to gainful employment is very poor." (R. 90). In other words, Plaintiff could not work due to his alcohol abuse.

During his treatment at the Western Psychiatric Institute in 2002, his assessment was depression and alcoholism. (R. 104). During his visits there, Plaintiff indicated that he drinks alcohol daily. (R. 107-109).

In January of 2003, Plaintiff was evaluated by a psychologist, Dr. Nussbaum. Dr. Nussbaum diagnosed Plaintiff with active substance dependence on alcohol and ruled out recurrent major depression. (R. 127). Dr. Nussbaum's prognosis for Plaintiff was poor and indicated that treatment for alcohol dependence was essential for Plaintiff's rehabilitation. Id.

Also in January of 2003, Dr. Dalton filled out a Mental Residual Functional Capacity Assessment form. (R. 131-133). Therein, Dr. Dalton wrote that Plaintiff "is believed to retain the ability to tolerate a work-like routine in a stable setting." (R. 133).

Moreover, Plaintiff, himself, pointedly began and concluded his remarks in his disability report by stressing the impact that his lifestyle of alcoholism had in damaging his health: "Alcohol abuse, I feel has caused a lot of underlying problems with me... has lead [sic] to a lot of my physical ailments." (R. 57, 81).

Based on the above, after removing the effects of alcohol and drug abuse, there is substantial evidence in the record to demonstrate that Plaintiff is able to perform his past relevant work. Accordingly, the decision of the ALJ is supported by substantial evidence. See, 42 U.S.C. §1382c(a)(3)(j) (awarding benefits under Title XVI of the SSA is prohibited, if alcoholism or drug abuse is a contributing factor material to the determination of disability).

*******************************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERCY GARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-884 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **AMENDED ORDER OF COURT**

AND NOW, this **7th** day of July, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the ALJ's decision to deny SSI benefits under the Social Security Act is AFFIRMED. It is further ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied, and the Commissioner's Motion for Summary Judgment (Docket No. 12) is granted. Judgment is entered in favor of Defendant and against Plaintiff. The Clerk of Courts is directed to mark this case "CLOSED" forthwith.

BY THE COURT:

/S/_____

Donetta W. Ambrose,
Chief U. S. District Judge